[Cite as *State v. Richardson*, 2025-Ohio-5417.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 24AP-65 |
| v. | : | (C.P.C. No. 22CR-0382) |
| Jessica M. Richardson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 4, 2025

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, and *Brendan Inscho*, for appellee. **Argued:** *Brendan Inscho.*

**On brief:** *Kerry M. Donahue*, for appellant. **Argued:** *Kerry M. Donahue.*

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, Jessica M. Richardson, appeals the judgment of the Franklin County Court of Common Pleas convicting her of one count of theft and one count of forgery, both felonies of the third degree. For the following reasons, we reverse the trial court's judgment.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} On February 1, 2022, Richardson was indicted for one count of theft from a person in a protected class under R.C. 2913.02 and one count of forgery under R.C. 2913.31, both third-degree felonies. The circumstances leading to Richardson's indictment dealt with her romantic relationship with Paul Kerschensteiner, an elderly man who was diagnosed with dementia. At trial, the court heard testimony that Richardson had submitted a fraudulent power of attorney over Kerschensteiner, transferred stocks from his

name to hers, and deposited and attempted to deposit checks meant for Kerschensteiner to herself.

{¶ 3} On August 2, 2022, prior to trial, the trial court raised the issue of Richardson's competency and ordered a competency evaluation pursuant to R.C. 2945.37. On October 27, 2022, Dr. Terrance Kukor, a psychologist with Netcare Forensic Center, submitted a competency report which stated he did not believe Richardson was able to assist her counsel in her defense and therefore was not competent to stand trial.

{¶ 4} On December 14, 2022, the trial court issued an entry finding that Richardson was not competent to stand trial but that there was a substantial probability that she could be restored to competency if provided with a course of treatment. The trial court ordered Richardson to undergo treatment for six months to restore competency.

{¶ 5} On August 31, 2023, after the restoration period had concluded, the trial court held a hearing on Richardson's competency. The court heard testimony from Dr. Dennis Eshbaugh, a psychologist who evaluated Richardson after she received outpatient treatment at Twin Valley Behavioral Healthcare. Dr. Eshbaugh testified that, in his professional opinion, Richardson was able to understand the nature of the legal proceedings against her but that she was not able to assist her attorney in her defense. Dr. Eshbaugh's report stated:

> The defendant was adamant about how she wants to proceed with the case. Her reasoning appeared to be based upon paranoid delusions. She was unwilling to consider other strategies and defenses. She dismissed apparent objective evidence that would likely be used by the prosecutor. Her assessment of the likely outcome was unrealistic.

(May 30, 2023 Competency Restoration Report at 6.)

{¶ 6} Dr. Eshbaugh testified that Richardson believed that "the alleged victim in this case was kidnapped by his children, and was being held, essentially, as a prisoner and was subject to electroshock treatments and hypnosis to make him turn against her . . . and [that Kerschensteiner's] family had some unusual influence on the authorities that they could use against her." (Aug. 31, 2023 Tr. at 11-12.) Dr. Eshbaugh's impression was that Richardson "would only listen to advice that was consistent with the delusional material that she presented." *Id.* at 13. Dr. Eshbaugh's report also stated:

> With a reasonable degree of psychological certainty, it is my opinion that the defendant is able to understand the nature and objective of the proceedings against her, but because of active mental illness she is not able to assist in her legal defense. It is further my opinion that competency to stand trial cannot be restored in the time allowed by law.

(May 30, 2023 Competency Restoration Report at 7.)

{¶ 7} Dr. Eshbaugh also noted that he previously evaluated Richardson in a separate case in municipal court, also involving Kerschensteiner. Dr. Eshbaugh testified that his evaluations were consistent in both cases, as he determined her perceptions were consistently delusional. (Aug. 31, 2023 Tr. at 29.) Based on Dr. Eshbaugh's testimony, the state indicated that it was not going to argue for Richardson to be found competent to stand trial or for the court to retain jurisdiction.

{¶ 8} Richardson, however, called her own witnesses in an attempt to establish that she was, in fact, competent to stand trial. Richardson called Gina Burdett, a licensed professional clinical counselor with Concord Counseling Services, as a witness. Burdett testified that Richardson was a client of hers for a six-month period and that Richardson had been previously diagnosed as having bipolar with mania. Burdett stated that Richardson's symptoms had been managed with psychiatric medication and that, from her clinical observation, she had never witnessed or experienced any incompetence on Richardson's part. On cross-examination, Burdett testified that she understood incompetence as a lack of ability to do daily functioning and taking care of oneself and that she had not reviewed R.C. 2945.38, which addresses competency to stand trial, prior to her testimony.

{¶ 9} Richardson also called Traci Hairston, an employment specialist with Concord Counseling Services, as a witness. Hairston stated that she assisted Richardson in finding employment but was unaware if Richardson was on any medication or had any kind of mental illness diagnosis. Hairston testified that she found Richardson to be nice, bubbly, and that she had never observed Richardson to be delusional. Hairston also stated that she provided a letter of support for Richardson to the court and testified that

> It was just a letter stating -- I didn't know it was going to reach this far. But just stating what we do at the [Concord's employment services] and, you know, what I witnessed as she

was coming in and how our conversations was going, and that
she had been seen that day. I think she was really wanting me
to say, hey -- she had been in that day and didn't really need too
much when she came in this day.

(Aug. 31, 2023 Tr. at 48-49.)

{¶ 10} On cross-examination, Hairston stated that she was not familiar with the legal standard of competence to stand trial under R.C. 2945.38.

{¶ 11} At the conclusion of testimony, the trial court questioned the parties as follows.

THE COURT: Okay. But, like, are you asking me to find [Richardson] incompetent?

[THE STATE]: I think that's definitely what the evidence shows today.

THE COURT: Okay.

[THE STATE]: Specifically, that she's incompetent.

. . .

[THE STATE]: So the State would acknowledge that this isn't the typical garden variety competency hearing. Specifically, I think the question today is whether she was restorable within the statutory period, which in this case was six months. And the preponderance of the evidence, which is the standard by which the Court makes its determination, is pretty clearly that she was not restorable. Number one, the time period passed. Okay, we're well past the six months at this point.

Beyond that, of the three witnesses, as I'm sure the Court heard, only one of them was even familiar with the relevant legal concept of what competence means, as the attorneys understand it . . . .

*Id.* at 52-54.

{¶ 12} The court further questioned Richardson's counsel.

THE COURT: . . . do you feel like Ms. Richardson is not able to work with you in preparing a defense if we go to trial?

[DEFENSE COUNSEL]: I mean, I'm not a psychologist. I don't think it's my determination.

THE COURT: But you're a legal professional. Do you feel you can adequately represent her if I find that she's competent?

[DEFENSE COUNSEL]: Again, I think that's the Court's decision.

THE COURT: No. I'm asking you. I'm asking you, can you represent her?

[DEFENSE COUNSEL]: She's been willing to meet with me. She's presented -- we've been able to discuss her case. We've been able to discuss the facts of her case.

*Id.* at 57-58.

{¶ 13} Richardson's counsel further stated to the trial court that Richardson was adamant that she was competent to stand trial and that she wanted her day in court. Ultimately, the trial court found that Richardson was competent and able to assist her counsel in her own defense. The trial court found that the evidence, namely Burdett's and Hairston's testimony, supported the presumption that Richardson was competent to stand trial under R.C. 2945.37(G).

{¶ 14} On September 13, 2023, the trial court held another hearing wherein Richardson and her counsel requested the court appoint Richardson different counsel. Richardson expressed that she no longer trusted the advice of her counsel, and the trial court appointed Richardson new counsel.

{¶ 15} On September 28, 2023, the trial court entered its order finding Richardson was competent to stand trial.

{¶ 16} On December 18, 2023, the trial court began trial, which took place over three days. On December 20, 2023, the trial court found Richardson was guilty of the crimes alleged in the indictment and sentenced her to a prison term of 18 months in the Ohio Department of Rehabilitation and Corrections. The trial court also ordered that Richardson pay restitution in the amount of $28,028.30 to Kerschensteiner.

{¶ 17} On January 25, 2024, Richardson filed the present appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 18} On appeal, Richardson argues the following assignments of error:

I. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

> II.  THE VERDICT WAS AGAINST THE MANIFEST WEIGHT
> OF THE EVIDENCE.

## III.  SUPPLEMENTAL BRIEFING

{¶ 19} On June 17, 2025, this court requested supplemental briefing from the parties on the following question.

> Did the trial court commit structural error by proceeding with the case against the defendant given the question of her competency? Can a defendant who has been found to be incompetent waive their constitutional rights to due process and a fair trial by insisting that they are competent to stand trial?

{¶ 20} On July 10 and July 30, 2025, Richardson and the state respectively submitted supplemental briefs.  On October 7, 2025, this court heard oral arguments from the parties wherein the state conceded, and Richardson agreed, that the trial court abused its discretion in finding Richardson was competent to stand trial.

## IV.  ANALYSIS

{¶ 21} Before we turn to Richardson's assignments of error, we first consider the question of Richardson's competency to stand trial and whether the trial court committed structural error by proceeding to trial.

{¶ 22} "A structural error is a violation of the basic constitutional guarantees that define the framework of a criminal trial." *State v. West*, 2022-Ohio-1556, ¶ 2.  Structural errors are constitutional defects that defy analysis by "harmless error" standards because they affect the framework within which the trial proceeds, rather than simply being an error in the trial process itself. *Arizona v. Fulminante*, 499 U.S. 279, 309-310 (1991).  Such errors permeate the entire conduct of the trial from beginning to end so that the trial court cannot reliably serve its function as a vehicle for determination of guilt or innocence. *Rose v. Clark*, 478 U.S. 570, 577-578 (1986).

{¶ 23} The principles of due process and fundamental fairness dictate that a criminal defendant who is not legally competent may not be tried or convicted of a crime. *Pate v. Robinson*, 383 U.S. 375 (1966); *State v. Berry*, 72 Ohio St.3d 354, 359 (1995).  The test for competency to stand trial is whether the criminal defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding, and whether the criminal defendant has a rational as well as factual understanding of the

proceedings against them. *Berry* at 359, citing *Dusky v. United States*, 362 U.S. 402 (1960).

{¶ 24} Ohio has codified the standard for competency in R.C. 2945.37(G), which states:

> A defendant is presumed to be competent to stand trial. If, after a hearing, the court finds by a preponderance of the evidence that, because of the defendant's present mental condition, the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense, the court shall find the defendant incompetent to stand trial and shall enter an order authorized by section 2945.38 of the Revised Code.

{¶ 25} We review a trial court's determination of competency under an abuse of discretion standard and will not disturb the trial court's finding if there was some reliable, credible evidence supporting it. *State v. Vrabel*, 2003-Ohio-3193, ¶ 33; *State v. Williams*, 23 Ohio St.3d 16, 19 (1986). The Supreme Court of Ohio has noted that "[d]eference on these issues should be given to those 'who see and hear what goes on in the courtroom.' " *Vrabel* at ¶ 33, quoting *State v. Cowans,* 87 Ohio St.3d 68, 84 (1999).

{¶ 26} In its supplemental brief, the state argues that there was not sufficient reliable, credible evidence for the trial court to find Richardson was competent to stand trial. We agree.

{¶ 27} The preponderance of the evidence before the trial court at the time of the August 31, 2023 hearing indicates that Richardson had not been restored to competency and was not competent to stand trial. The trial court noted that it based its contrary decision on the testimony of Burdett and Hairston. However, we do not find those witnesses' testimony reliable or credible, as both Burdett and Hairston stated in their testimony that they did not have knowledge of the legal standard of competency to stand trial. In fact, Burdett stated that she understood incompetence to mean that Richardson was unable to "do her daily functioning. She couldn't take care of herself." (Tr. at 42.) Burdett's understanding of competency is wholly inconsistent with the standard of competency to stand trial stated in R.C. 2945.37(F). Further, neither Burdett nor Hairston had reviewed the relevant statute concerning a defendant's competency to stand trial.

{¶ 28} Hairston was not a medical professional, and she did not have any knowledge of Richardson's treatment or mental health diagnoses, and had minimal knowledge of

Richardson's case. While Burdett is a licensed professional clinical counselor who provided counseling sessions for Richardson for six months, she did not prescribe her medication or treatment and was not involved in Richardson's mental health diagnoses.

{¶ 29} Ultimately, neither Burdett nor Hairston provided any testimony as to whether Richardson understood the nature of the proceedings or whether she was able to assist her attorney in her defense. Of the witnesses and evidence presented to the trial court, only Dr. Eshbaugh and Dr. Kukor had familiarity with the legal standard of competency. Dr. Eshbaugh and Dr. Kukor, both of whom are psychologists who evaluated Richardson for the purposes of legal competency, found Richardson was not able to assist in her own defense because of her delusions. As Dr. Eshbaugh noted, Richardson was unwilling to entertain any legal strategy that did not conform to her delusions about the case. Dr. Eshbaugh stated in his report that

> The defendant was adamant about how she wants to proceed with the case. Her reasoning appeared to be based upon paranoid delusions. She was unwilling to consider other strategies and defenses. She dismissed apparent objective evidence that would likely be used by the prosecutor. Her assessment of the likely outcome was unrealistic.
>
> . . .
>
> The defendant is unable to participate in further legal proceedings. She has fairly good layperson's knowledge of legal facts, concepts and procedures, but the paranoid delusions related to her charges prevent her from assisting her attorney in the development of a rational legal defense.

(May 30, 2023 Competency Restoration Report at 6-7.)

{¶ 30} Our review of the competency hearing transcript shows that the trial court vigorously questioned defense counsel as to whether she felt she could represent Richardson.

> THE COURT: [Defense counsel], do you feel like Ms. Richardson is not able to work with you in preparing a defense if we go to trial?
>
> [DEFENSE COUNSEL]: I mean, I'm not a psychologist. I don't think it's my determination.

THE COURT: But you're a legal professional. Do you feel you can adequately represent her if I find that she's competent?

[DEFENSE COUNSEL]: Again, I think that's the Court's decision.

THE COURT: No. I'm asking you. I'm asking you, can you represent her?

[DEFENSE COUNSEL]: She's been willing to meet with me. She's presented - - we've been able to discuss her case. We've been able to discuss the facts of her case.

THE COURT: Okay.

[DEFENSE COUNSEL]: So I think that I could, yes.

. . .

THE COURT: But the issue is, is she able to assist in her own defense? And if you're saying, [defense counsel], that she is able to, that you can represent her at trial, then I'm probably going to find that she's competent. Is that something you can stand by, [defense counsel]?

[Defense Counsel]: I mean, again, I think Dr. -- I'm not the psychologist. And I think that that's --

THE COURT: I'm not asking you as a psychologist. I'm asking you as an attorney who has represented people who have had mental illness issues before.

[DEFENSE COUNSEL]: Ms. Richardson is adamant that she's competent. She's willing to work with me. She's willing to present -- she wants me to present her evidence. She wants to have her day in court.

(Tr. at 57-59.)

{¶ 31} However, whether legal counsel feels they can represent a defendant is inapposite to the determination of competency and to whether "the defendant is incapable of understanding the nature and objective of the proceedings against the defendant or of assisting in the defendant's defense." R.C. 2945.37(G). Whether *defense counsel* felt they could represent Richardson is superfluous to the trial court's factual determination of whether *Richardson* was capable of assisting in her own defense. Similarly, the wish of a

criminal defendant to have "her day in court" does not serve as evidence whether the defendant can understand the legal proceedings against her or aid in her defense.

{¶ 32} We find that the preponderance of the evidence at the August 31, 2023 hearing indicates that Richardson was not competent to stand trial, as she was not able to assist in her defense. Accordingly, we find that the trial court abused its discretion in finding Richardson was competent to stand trial and committed structural error in trying an incompetent defendant, in violation of the defendant's constitutional right to due process. We therefore reverse and vacate the trial court's judgment. We also decline to address Richardson's assignments of error regarding ineffective assistance of counsel and her conviction being against the manifest weight of the evidence, as they are now moot.

{¶ 33} At the time of the August 31, 2023 competency hearing, Richardson's six-month competency restoration period had already expired. R.C. 2945.38(H)(4) directs that, when a trial court finds a defendant incompetent to stand trial and the maximum time for restoration has expired, "the court shall dismiss the indictment, information, or complaint against the defendant" and that the "court shall discharge the defendant unless the court or prosecutor files an affidavit in probate court for civil commitment pursuant to Chapter 5122 or 5123 of the Revised Code."

## V. CONCLUSION

{¶ 34} We reverse the trial court's judgment, vacate Richardson's conviction, and remand this matter to the trial court with instructions to take any necessary action pursuant to R.C. 2945.38(H)(4).

*Judgment reversed;*
*cause remanded.*

MENTEL and DINGUS, JJ., concur.